IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **AMENA WILLIAMS, on behalf of minor child, T.G.** § § § | |
| **V.** § § | **No. 5:19CV62-RWS-CMC** |
| **TEXARKANA INDEPENDENT SCHOOL DISTRICT** § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The above-referenced *pro se* cause of action has been referred to the undersigned United States Magistrate Judge for initial screening under 28 U.S.C.§ 636(b) and a standing order of reference from United States District Judge Schroeder. In a May 16, 2019 Order considering Plaintiff's motion to proceed *in forma pauperis*, the Court noted it had reviewed Plaintiff's original complaint and questioned whether this Court has jurisdiction over this cause of action. *See* Docket Entry # 3. Among other things, the Court advised Plaintiff that she must retain legal counsel to represent and protect her son's interests. Plaintiff was advised that if counsel had not made an appearance on behalf of the minor child within thirty days from the date of the order the Court would recommend the claims on behalf of Plaintiff's son be dismissed without prejudice.

More than thirty days have passed, and no attorney has made an appearance on behalf of the minor child. Therefore, the Court recommends the above-entitled and numbered cause of action be dismissed without prejudice.

### BACKGROUND

Plaintiff Amena Williams, proceeding *pro se*, filed her original complaint on behalf of her

minor child, T.G. against the Texarkana Independent School District. Under her "Statement of Claim," Plaintiff alleges as follows:

> Minor child is a student of district and has been denied the right to go to the library on several occasions and told continuously [sic] the library is closed. Minor child, whom is disabled has observed others in the library while he and his friends were denied.
>
> March [] 2019 while T.G. was in cafeteria [sic] two fights occurred [sic] and the principal got Mace and sprayed other African Americans, and it affected T.G. as he was attempting to leave the cafeteria. His breathing became impacted. T.G. has asthma and seizures. I have also had to complain about the learning experiences (homework), and T.G. began to get harassed by staff[.] His privacy has also been violated, by administration when they was told he needed surgery. He was continuously [sic] questioned and told he could not miss.

Docket Entry # 1 at pg. 4. Plaintiff seeks punitive damages in the amount of $100,000.00, training for the staff, and for the staff to cease discrimination. *Id*. at pg. 5.

## **MAY 16, 2019 ORDER**

On May 16, 2019, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* but ordered that service of process would be withheld pending appearance of counsel on behalf of the minor child. *See* Docket Entry # 3. The Court first stated it was unable to discern how the Court has jurisdiction over this cause and/or what specific causes of action Plaintiff is intending to assert against Defendant. The Court further noted the allegations in the original complaint did not establish there is complete diversity between the parties for diversity jurisdiction.[1] *See* 28 U.S.C. § 1332(a).

Additionally, the Court noted Plaintiff, as a *pro se* litigant, lacks the capacity to represent her minor son for alleged violations of his rights. Therefore, the Court ordered that to the extent Plaintiff

---

[1] In her form complaint, Plaintiff, a resident of Nash, Texas, provides the following address for Defendant Texarkana Independent School District: 4241 Summer Hill Rd., Texarkana, TX 75503. Docket Entry # 1 at pg. 3.

desires to proceed with this case on behalf of her minor son, she must retain legal counsel to represent and protect her son's interests. Docket Entry # 3 at pg. 5. Plaintiff was advised that if counsel had not entered an appearance on behalf of the minor child within thirty days from the date of entry of the May 16 Order, the Court would recommend the claims on behalf of her son be dismissed without prejudice, meaning his claims may be able to be re-filed with counsel. *Id.* (citing *K.F. v. Houston Indep. Sch. Dist.*, No. CV H-11-3834, 2012 WL 12877821, at *3 (S.D. Tex. June 13, 2012), *aff'd sub nom. K.F. ex rel. Mary R. v. Houston Indep. Sch. Dist.*, 548 Fed. Appx. 964 (5th Cir. 2013)).

The Court also questioned whether Plaintiff has properly alleged a federal question, again noting Plaintiff does not specify what specific causes of action she intends to assert against Defendant on behalf of her son. Docket Entry # 3 at pg. 6. However, the Court noted it would allow any counsel that might make an appearance on behalf of the minor child additional time to clearly establish the Court has jurisdiction over this cause of action. According to the Court, in the event counsel makes an appearance on behalf of the minor child, within twenty days from the date of any such appearance, counsel shall file a more detailed pleading providing additional facts that would support a claim against Defendant and establish this Court has jurisdiction over such a claim. *Id.*

Plaintiff acknowledged receipt of the May 16 Order on May 23, 2019. *See* Docket Entry # 4. As of the date of this Report and Recommendation, no attorney has entered an appearance nor has Plaintiff requested an extension of time.

## **DISCUSSION**

According to the original complaint, Plaintiff brings this suit only on behalf of her minor son for alleged violations of her son's rights. There is no indication Plaintiff intends to assert her own

claims under a particular statute. In the Fifth Circuit, a "non-attorney parent cannot appear *pro se* on behalf of a minor child." L.F. v. Houston Indep. Sch. Dist., No. CIV. A. H-08-2415, 2009 WL 3073926, at *13 (S.D. Tex. Sept. 21, 2009), *aff'd sub nom. Ruffin v. Houston Indep. Sch. Dist.*, 459 Fed. Appx. 358 (5th Cir. 2012) (citing *Harris v. Apfel,* 209 F.3d 413, 415 (5th Cir.2000)).

As another federal district court has aptly explained:

> 'In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.' 28 U.S.C. § 1654. Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child. *See Martin v. Revere Smelting & Refining Corp.,* No. 3:03-CV-2589-D, 2004 WL 852354, at *2 (N.D. Tex. Apr. 16, 2004); *see also Francine v. Dallas Independent School Dist.,* No. 3:02-CV-1853-P, 2003 WL 21501838, *3 (N.D. Tex. June 25, 2003) (discussing cases). The Fifth Circuit has stated that 'individuals not licensed to practice law by the state may not use the next friend device as an artifice for the unauthorized practice of law.' *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court).

*Wade v. TMS Ins. Co.,* No. 3:12-CV-312-B-BH, 2012 WL 826607, at *1 (N.D. Tex. Feb. 23, 2012), *report and recommendation adopted by Wade v. TMS Ins.* Co., No. 3:12-CV-312-B-BH, 2012 WL 812379 (N.D. Tex. Mar. 12, 2012) (Boyle, J.).

By Order dated May 16, 2019, Plaintiff was advised that she was required to obtain legal counsel in order to proceed with this action on behalf of her minor son, and that dismissal of this case would be recommended if no attorney had entered an appearance within thirty days. No attorney has entered an appearance.

### **RECOMMENDATION**

Because Plaintiff may not prosecute this complaint on behalf of her minor son without legal counsel, the Court recommends the case be dismissed without prejudice. Accordingly, it is

**RECOMMENDED** that Plaintiff's above-referenced cause of action be **DISMISSED WITHOUT PREJUDICE.**

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court, except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriquez v. Bowen*, 857 F.2d 275, 267-77 (5th Cir. 1988).

**SIGNED this 9th day of July, 2019.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE